Latasha Boyd,
115 Gap Creek Road
Apt 1G Duncan, SC
Telephone: 864-205-3776
Email: Tashasfamily2018@gmail.com

Plaintiff, Pro Se, Latasha Boyd

WSDC CLERK ...

2022 JUL 25  PM 12: 01

# UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LATASHA BOYD, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>City council<br><br>  Defendant. | Case No.: **7:22-cv-01633-BHH-JDA**<br><br>**Amend**<br><br>(UNLIMITED CIVIL ACTION)<br><br>COMPLAINT FOR:<br><br>1. NEGLIGENCE<br>2. ABUSE OF DUE PROCESS OF LAW<br>3. DEPRIVATION OF CONSTITUTIONAL RIGHTS; 42 USC § 1983<br>4. CLAIM UNDER 42 USC § 1985<br>5. INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS<br>6. INVASION OF PRIVACY BY APPROPRIATION<br>7. FALSE IMPRISONMENT AND MALICIOUS PROSECUTION<br>8. CONSPIRACY<br>9. CONTINOUS AND DIRECT THREAT OF CAUSING ASSAULT<br>10. BREACH OF PUBLIC AND FIDUCIARY DUTY<br>11. BREACH OF RELIGIOUS BELIEF AND CUSTOMS<br>12. DAMAGE CAUSED TO REPUTATION<br>13. EQUITABLE RELIEF<br>14. ADMINISTRATIVE PROCEDURE ACT<br>15. CAUSATION OF TORTURE<br>16. CLAIM OF COERCION<br>17. ULTRA VIRUS CLAIM |

COMPLAINT FOR DAMAGES

1

18. ZONE OF INTEREST SECTN 8005
19. 18 U.S.C 245 FEDERALLY PROTECTED ACTIVITIES
20. SEXUAL DISCRIMINATION AND EXPLOITATION
21. FAILURE TO TRAIN
22. RACIAL DISCRIMINATION
23. THE RACKETEER INFLUENCED AND CURRUPT ORGANIZATIONS

Plaintiff, LATASHA BOYD ("Plaintiff") individually brings this Complaint against Defendant, United States of America, herein as "Defendant" and/or "Government Agencies" and/or "Public Officials" and/or "Police Officer".

## I.    PARTIES

1.    Plaintiff, Latasha Boyd (herein after, "Plaintiff"), an individual, was at all times mentioned herein resides in Spartanburg County in the state of South Carolina. United States of America (hereinafter, "Defendant") was at all times mentioned herein is located at the official address of state government office.

2.    Plaintiff alleges that each of the defendants designated herein are legally responsible for the events and happenings referred to which caused injuries and damages to Plaintiff as herein alleged.

## II.    JURISDICTION AND VENUE

3.    This case is properly before this Court because the matter involves issues of state law and federal laws, and all Defendants, presently and always relevant to this action, have conducted all of the allegations set forth in this Complaint in the state of South Carolina.

4.    At all times mentioned herein, Defendants and each of them, conducted all of the allegation set forth in this Complaint in the State of Carolina.

5.    Pursuant to Article 3 standing, the Federal Court of the state of South Carolina is an appropriate venue for this case.

## III.    FACTUAL ALLEGATIONS

COMPLAINT FOR DAMAGES

2

6.    Plaintiff was selected by the CIA agency for being subject to various experiments that the agencies conduct in association with other government agencies and officials for the purpose of defense of the State of United States, or for using the results of such experiments in some of their studies they conduct and evaluate.

***Plaintiff subject to harassment, torture, trauma, distress by and through the Federal officials of the government agencies since childhood***

7.    Plaintiff was being subjected to various experiments, torture as herein described in this section causing severe mental trauma and emotional distress, and violation of Plaintiff's right by conducting this experiment for the new world Agenda.

8.    Plaintiff was targeted by the CIA agencies for and illegal experimenting operation on Plaintiff and interfering with Plaintiff's life creating stage events to make it seems like an coincidence, stages and phases of life.

9.    Since Plaintiff's early years, U.S. Government through CIA Agency has been using and used global surveillance programs against Plaintiff.

10.    Plaintiff has been subjected to very inhuman of the government, namely psychologically harassment using everyday experience, which would lead to your adulthood been gang stalked by the public official, using the surveillance and the new understanding of MK ULTRA program to manipulate behaviors and actions of other people, threatening and posing a threat to her life.

11.    Plaintiff was subject to public official harassment, and gang stalking, and interfering with her day-to-day life by and through the public officials of government agencies and manipulating social environments. Such interference against Plaintiff life has made her mentally sick and her life miserable via depreciating the quality of life that a person of reasonable standard should have the right to live.

12    Government agencies has interfered, manipulated, and miserably affected Plaintiff's life, encounters with public officials, forcing fear and harassment and court rooms hit-or-miss, to schools threating policies, to home, and outside as well, whenever they find the opportunity to act such.

COMPLAINT FOR DAMAGES

3

***Plaintiff being subjected to Gun Shots experiments***

13.    Public officials of the government agencies even subjected Plaintiff to gun shots to record Plaintiff's reaction to the gun shot while Plaintiff was sitting in a friend's house just for the purpose of experiment on Plaintiff. Such an alleged act against Plaintiff is of upmost offensive nature causing Plaintiff severe mental trauma.

***Work life was manipulated and use to not fit with my Schedule and routines to create more burn out and more violation to their policy.***

14.    Plaintiff was forced to work for 13 days with just one day off every 13 days at her very first job at Timken during her pregnancy as was directed by the Company. Work there for a year in a half they would not hire Plaintiff on. Plaintiff had her child came back they still wouldn't hire Plaintiff. No such maternity benefits or rights for the Plaintiff. Countless of discrimination

15.    In  between these time and events is when the social security administration say the state say my daughter's father don't have to provide for her, and since I have been doing it all along for this many years I mind well continue on by myself, my daughter was 4 years old at that time and my child father was helping with what he could do before then, but due to him been on the run for a drug offense he couldn't work. So, gets shot and they tell him he doesn't have to provide.

16.    Such an inhuman act of forcing to work non-stop without any maternity benefits made Plaintiff to leave her job and opted out for her second job in another company, the same was the condition put forth towards the Plaintiff in the Company. Plaintiff was made to work for twelve hours a day, and seven days a week without any day off, despite after just having a baby.

17.    Plaintiff having no such option and leverage to continue and in violation of the rights available to a pregnant woman, women right.

COMPLAINT FOR DAMAGES

4

18.     Next job was 12-hour shift job that routinely change form one month on 3rd shift to the next month on first shift and making it hard to work with getting my baby to school without violating the truancy policy.

19.     The first time going to first shift the hour was schedule to be in at 7:00 let me not remain you school doors don't open until 7:00.

20.     I goes to sit and wait on the school doors to open, I seen the school principal and ask could my child come in early because I had to be the work at 7:00 and she said "I will this time, but the school door don't open until 7:00, that's when truancy start with me.

21.     Defendant design it so it wouldn't correspond, and you would be in violation of their policies to profit of your affairs. All because they design it for it to not work in your favor. Plaintiffs realize that was the beginning stage used to burnout Plaintiff physically, mentally and emotional.

22.     Telling my child's father, he doesn't have to provide while keeping my income limited, and my help source unavailable, and when I call the social security administration to get some support for her, they tell me she can't receive a check because he didn't work. They or will stripe the child for succeeding and limiting her tools that she needs to grow all just to keep her mother is a slave system.

23.     Torn me and my daughter up for years and has emotionally damage me, I cried so much when I left that office not understanding what happen, and each year something would stand out for me with this operation, and all I have thought about was how can I get them back. This man took my virginity and gave me a baby and the state said he doesn't have to pay for it.

24.     My daughter is 14 years old now and she want things and mother can't do it all with a disability check that barely pays my bills, all because this operation has mentally disable me.

25.     Plaintiff was asked to survive herself and her child on her own despite having no job, and government agency not allowing her to opt for a job as well. U.S. government agencies leaving no other choice and option for Plaintiff, Plaintiff was left only to work with her mother and assist in her mother's business.

COMPLAINT FOR DAMAGES
5

26.   After working with mother Plaintiff mother clients started to decline, plaintiff mother worth in that business for over 15 years and out of nowhere Plaintiff's mother clients start declining the cleaning service never change if any thang it became better.

27.   It seem like they were in line to work together to keep one stuck at a level to not succeed, felt like manipulation what had happen in that situation.

28.   Plaintiffs get subjected to electroshock, causing sleepless nights by and through the public officials and the CIA agency, as in all as parts of some experiments CIA agency were conducting and making Plaintiff's life miserable to sustain a longer effect of mental torture.

*Court case on Child's father for kidnapping and domestic violence, order to protection, and continuous ongoing emotional distress and false allegation*

29.   Plaintiff being subjected to domestic violence by the child's father and the judge stated he didn't see any reason to press charges so he reduced it to an assault and battery, went to the same courthouse to take out an order of protection and they wouldn't service it on him.

30.   Plaintiff initiated to take out a trespass on the child father and they didn't service it, so when he came back again, and I call the Duncan police department out they did nothing.

31.   Programming the boy to not live up to his roll, helps exploit his whole family, after the state said one doesn't have to provide, and my other one is using Child Protective Service to try and have my children removed from me all because he doesn't know the role of a man because government interfered with the household generations ago, all just to continue to keep this slave system going. I think this is my 6th case open on June 27, 2022. **Violate state law violate due process and failure to protest, failure to train. 14th amendment.**

*Plaintiff arrested by Police Officer for public disorderly conduct at my daughter school and he did no breathalyzer and for three consecutive times for same offence, despite paying the ticket Plaintiff was arrest again, that one offense 3 time been arrested.*

COMPLAINT FOR DAMAGES
6

32.     It is herein alleged that Plaintiff was not in violation of public disorderly conduct and the police officer arrested Plaintiff without taking a breathalyzer test, thereby violating the due procedure. The Plaintiff made one comment to the officer, and he got me for public disorderly conduct after I was arrested that's a violation of the first amendment.

33.     Plaintiff herein got arrested by the police officer even after paying the ticket that was raised against Plaintiff, without involving in any such offence. Plaintiff, despite paying the asked amount, was arrested again for the ticket that was already settled by the Plaintiff with no probable cause and thus causing sheer violation of Plaintiff's rights.

34.     The same night Plaintiff was released from jail off that warrant arrest, the police pulled me over, and I received three tickets in Woodruff's town.

35.     Two day after that incident I received three other tickets while driving my non-commercial vehicle the same day, I surrender my license to the D.M.V because I figure if I remove myself from their jurisdiction I wouldn't be getting harassed so much. Immediately when I left the D.M.V, police pulled me over in the town of Duncan with no probable cause and arrested me, so six citations in two days. And was arrest 3 times in that same month, so that is stalking harassment, and unreasonable search and seizure, freedom speech violation, and Police misconduct the officer don't read you your rights and the male officer rub down my leg. After been arrest for not having any license do to surrendering them the clerk of court didn't report that one ticket to the D.M.V.

### *Miscellaneous Allegations: Student loan, Taxes, Water, Electricity, threaten with Court Authority, and due process violation*

36.     The home I moved in after I left my child father was cause many problems with the unit, from high bill due to the home been old and not up to part they glue the window shut I'm guessing to the windows was not whether proof, so you fell the drift through the doors and window causing your electricity bill to rise high. The school had their officer come out to check my come because it was reported that I had no power.

37.     Water pipes busted leaving me to play a 600-dollar water bill, like the house was used to cause financial hardship.

38.     An amount of $6,700 was deducted from Plaintiff's account do to and education loan that I didn't agree, and had nowhere about, did not receive any of that money I didn't have a bank account period. So, without any prior notice or informing about any such deduction to Plaintiff. Deduction of tax without the notice or intimidation of such act caused Plaintiff financials hardships to pay for the bills that have already been incurred on Plaintiff, and Plaintiff was saved the money to clear all such bills. Last time removal of the amount as in tax, left Plaintiff in a havoc and panicked situation to carry over her further expenses.

39.     Investigating officer that was allotted to investigate the shooting of the Plaintiff's child father failed to follow due process in the investigation and made the of a shooting look as if it was gang related and didn't follow up with my call. About the shooting, and thus violated the basic principles of natural justice as against the Plaintiff child's father.

***Plaintiff went to file case against public officials, was sent to hospital.***
***Plaintiff forced to consume drug against her will and without her consent, force to take my clothes off in front of a nurse.***

40.     Plaintiff went to file a case against the public officials in the court of law against all such experiments and tortured that Plaintiff was being subjected to by the public officials. Plaintiff, as a result of exercising of her fundamental rights to move to court of law, was surrounded by three police officers and was told that the court can't not help me here.

41.     Plaintiff thereafter went back home and was tortured with electroshock by C.I.A. Plaintiff called the sheriff for help, and the sheriff forced Plaintiff to be locked up in the Regional behavior hospital.

42.     Plaintiff before, prior to the above-mentioned incident, was subjected to forceful consumption of some drug in Regional behavior hospital after the hospital staffs threaten me that if I didn't take it I wouldn't be about to leave, so I pretend to take it. Inadequate medical care

43.    Plaintiff was diagnosed with psychosis by doctors. Incorrect and improper procedures that violated Plaintiff's right were followed by Regional behavior hospital in coming to its assertion.

44.    Inadequate medical care, unlawful detainment, coercive into treatment, forced hospitalization, force medication, restraint and solitude, and stripping and neutralize coercion is often regular in mental health system, force treatment as reflecting as failure in service. It is a rights violation, it is counterproductive, forced treatment is traumatic and humiliating, offer exacerbating a person's mental health condition.

### *False allegation as of been sexual abused put forth on Plaintiff*

45.    Allegations were put forth by the public officials of the government agencies and as was alleged by the Child Protection Service that Plaintiff abused her children. This false allegation against the Plaintiff led to a warrantless removal of Plaintiff from her children and plaintiff did no psychical bodily injury to her children.

46.    The Forrester behavioral health; wherein the Plaintiff was forced to take a drug and alcohol class to receive my children back, this center placed on my file that Plaintiff had an anti-social disorder.

47.    Child protection service alleged that Plaintiff was sexually abused and notice that to the therapist at Envision Counseling services and in the identity report of Plaintiff had written that Plaintiff also went to jail countless times for public intoxication and public disorderly conduct to make my record look bad, To continue the exploitation throughout the community programs. On the contrary, Plaintiff was arrested for the act she didn't indulge into and the arrest itself was not via following due procedure, and Plaintiff was repeatedly arrested three times despite the payment of the alleged amount.

48.    Plaintiff applied for accruing the benefits for her children under the social security scheme. Here again, the public officials of government agencies interfered with the amount

COMPLAINT FOR DAMAGES

9

mentioned in the application to restrain the Plaintiff from receiving the full benefit for her children.

49.     Department of Social Service of United States was intentionally restraining Plaintiff from accruing the benefits for her children. Plaintiff was being played on sneaky tactics, namely change in the Plaintiff's address, removal of Plaintiff's children from the application, changing the place of jurisdiction without any legitimate purpose, just to delay in providing support to the Plaintiff.

### *Plaintiff's children becoming target and victim*

50.     Plaintiff's children are now, becoming the target of U.S. Government in pursuance of the surveillance programs that Plaintiff herself has been subjected to since she was merely a child all because of racist.

51.     Government agencies, by and through its mind controlling the people, created and event shooting bullets through my first apartment in plaintiff little girl bedroom, whose age was below one years of age.

52.     Government agencies, by and through its public officials are putting Plaintiff's son under surveillance and conducting the same experiments on Plaintiff's son via different mechanism and techniques that was used on Plaintiff to exploit Plaintiff's life.

53.     Plaintiff and her children are subjected to experiments by the CIA Agency that is against their religion, and the government agencies are imposing religious practices without the consent of the Plaintiff.

### *General Allegations violating Plaintiff's rights*

54.     Government agencies, by and through public officials, used covert operations and manipulation tactics to transverse with the actual scenario to made Plaintiff believe that she has a problem and is also suffering from mental illness. All do to past incidents, by and through the government agencies, have destroyed the whole life of the Plaintiff in all terms causing psychological harassment.

55.    Public officials of the government agencies had manipulated Plaintiff to believe that she had a learning disability and speech problem via forcing behaviors and values. According to the officials, they were conducting experiments to cause issue not to cure them, but to the contrary the Plaintiff was traumatized since early age and the same have affected her throughout her life.

56.    Public Officials of the government agencies are improperly trained in executing their experiments and does not possess the required qualifications for making any diagnosis and acting on it; and therefore, violates the due process via following incorrect procedures.

57.    Being subjected to all such experiments of Government agencies, Plaintiff had lost many of her loved ones, namely her grandma, childhood friend's causing her extreme emotional distress. Plaintiff being subjected to experiments by government agencies helping the public officials exploit us and detain us easier after causing and stage events to create mental illness withing the community. Forcing plaintiff to detach from the rest of the people due to this spiritual practices. Plaintiff has been the victim of all such alleged acts since early childhood.

58.    Being subjected to all such experiments of Government agencies causing extreme emotional, physical, physiological distress led to suicidal thoughts to Plaintiff. Public official's actions subjected Plaintiff of abuse to that extent that Plaintiff was left with no other option than to suicide.

59.    Plaintiff's reputation has been destroyed and damaged in its entirety by and through Government agencies and its public officials.

60.    Government agencies, by and through its public officials, has subjected Plaintiff to sensory isolation, electroshock, retrograde amnesia, ADHD, manipulation of second personality disorder, anxiety, depression, schizophrenia, senselessness and secret experiments with CIA, NSA, FBI, and DIA agencies that has led to sheer violation of Plaintiff's rights.

61.    Plaintiff's personal and professional life has been affected and destroyed by the government agencies, and it was stage and design in a way to keep, a continuous program going to enslave you to their system and operation for this corporation, since early childhood through the various experiments the government agencies are conducting on Plaintiff, and now on

COMPLAINT FOR DAMAGES
11

Plaintiff's children as well. Government agencies are manipulating, controlling, and determining all the actions of the Plaintiff at all places.

62.    Such alleged act by and through the public officials of government agencies of harassing, stalking, and interfering with day-to-day life of Plaintiff has made her mentally sick and her life miserable throughout all these years depreciating the quality of life that a person of reasonable standard should deserve.

63.    Public Officials of the government agencies has interfered, manipulated, and miserably affected Plaintiff's life since early years, encounters with police officer, to the grant of child protective service and benefits for Plaintiff's children, to the court rooms seeking any relief, and with the Plaintiff's job via forcing to work countless of hours in the beginning stage, and in the home as well.

64.    All the public officials have been jointly and severely contributed in alleging false information to the Plaintiff, effecting credit report, leaving your reputation damage due to this operation, restrained the Plaintiff from getting any job and government base on income housing development have the site manage put false allegations on plaintiff recorded and causing it to become very hard for you to get an any apartment to reside, forcing homeless after they then created a mental illness.

65.    Government agencies, by and through its public officials, triggered Plaintiff at different stages of her life through nonstop abuse, portraying Plaintiff has medical problem and in the name of pure exploited the Plaintiff through the working mechanism of conducting experiments on targeted individuals in the name of safety concerns.

66.    Government agencies, by and through its public officials, has caused Plaintiff to suffer through neuropsychiatric disorder through different kinds of illegal and illegitimate acts, allegations, experiments being conducted on and across Plaintiff since her childhood.

67.    Government agencies, by and through its public officials has been exhausting the Plaintiff's time, efforts, energy throughout her life as a result of which Plaintiff was deprived from accomplishing her life goals causing loss of confidence, trauma because of such deprivation as a result of such alleged act by public officials under the supervision of government agencies.

COMPLAINT FOR DAMAGES
12

68.    Plaintiff have been restrained from exercising her fundamental and constitutional right of life and liberty via portraying her as a troublesome character and a mentally sick person by and through the government agencies and public officials involved therein to cause irrecoverable financial, personal, professional, and emotional injuries through controlling and manipulating the life of Plaintiff through coercive, illegal, and illegitimate means.

69.    All such alleged act of Government agencies by and through public officials, via manipulating Plaintiff's environment via abusing, subjecting to unwitting experiment since childhood has resulted in Plaintiff's loss of life in real terms impairing intellectual development disabilities and forcing Plaintiff to change her beliefs and cultural norms and while doing so Plaintiff was subjected to alcohol and drugs by the public officials of government agencies.

70.    Plaintiff is left with no other relief, cure, and option other than to claim damages via this Complaint.

71.    Plaintiff is left with no other relief, cure, and option other than to claim damages via this Complaint.

72 Crescent Hill Apartments/ H.U.D. The site manages put false accusations on my credit report which makes it hard to seek for new home based on my income. FCPA and for defamation damage.

## FIRST CAUSE OF ACTION

### (Negligence)

72.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73.    Defendants, and each of them, owed Plaintiff a duty of care to prevent harm to Plaintiff. An exception to this rule should be made unless clearly supported by public policy. (*Rowland v. Christian* (1968) 69 Cal.2d 108, 112).

74.    The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." (*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917).

COMPLAINT FOR DAMAGES
13

75. Breach is the failure to meet the standard of care. (*Coyle v. Historic Mission Inn Corp.* (2018) 24 Cal.App.5th 627, 643.) "The element of causation requires there to be a connection between the defendant's breach and the plaintiff's injury." (*Coyle supra*, 24 Cal.App.5th at p. 645.)".

76. In most cases, courts have fixed no standard of care for tort liability more precise than that of a reasonably prudent person under like circumstances for the reason that each case presents different conditions and situations. What would be ordinary care in one case might be negligence in another. *Coyle supra*, 24 Cal.App.5th at pp. 639-640.

77. Plaintiff being subject to any experiments by and through the Government agencies was vested with a duty to get protected and not being subjected to any harm caused of such experiments.

78. Government Agencies by and through its public officials failed to prevent harm and protect right of Plaintiff by a series of experiments that Plaintiff have been subject to since childhood; and as a result, Plaintiff suffered harm and loss of futuristic opportunities.

79. Injuries suffered and harm caused to Plaintiff was the proximate result of Public Officials in taking arbitrary action as against Plaintiff in the name of experiments and statutory powers.

80. Defendants, and each of them, acted with conscious disregard to Plaintiff's rights, causing severe harm and/or damage, extreme stress, causing suffering, anguish nervousness, grief, anxiety, worry, worry, shock, humiliation, and shame, more than an ordinary reasonable person would be able to cope with, and with physical manifestations thereof as a substantial factor to Plaintiff disgrace.

81. The conduct by the Defendants caused the Plaintiff loss of sleep, stress and anxiety and a disruption in her well-being.

82. Additionally, Plaintiff was being injured and as a result, suffered severe emotional distress that was caused by the Defendants and each of them.

THEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

COMPLAINT FOR DAMAGES
14

**(Abuse of Due Process of Law)**

83.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

84.    No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Section 1, Amendment XIV, US Constitution.

85.    The procedural protections of the Due Process Clause of the 14th Amendment will only be triggered if state action implicates a constitutionally protected interest in life, liberty or property.  Board of Regents v. Roth, 498 U.S. 564 (1972). Nothing in the 14th Amendment protects against all government deprivations of life, liberty or property.  Only deprivations without due process of law are protected.  Hudson v. Palmer, 468 U.S. 517, (1984).

86.    Defendant act confining to "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer, herein Plaintiff, is clothed with the authority of state law". Weber v. City of Cedarburg, 129 Wis.2d 57, 65 n.3, 384 N.W.2d 333 (1986).  The law is designed to remedy wrongs committed by government agents and employees against private citizens.  The law protects the people from situations when the government abuses its power or authority.

87.    Government Agencies by and through Public Officials abused the right conferred against Plaintiff by not following the process as in whatever experiments were being conducted on Plaintiff, as in again arbitrary actions and illegitimate experiments were being conducted subject to gunshot reactions, torturing through electric shock, damaging and arresting Plaintiff by and again in the wake of public intoxication despite paying ticket price and arresting without taking breath test. In addition to this, Government agencies and Police officers failed to investigate the matter of Plaintiff's child father death; and gave vague findings that don't align with the reality.

88.    Government Agencies by and through Public Officials chose not to allow Plaintiff to exercise her right to approach the court of law whenever Plaintiff tried to complaint against the illegitimate act of Government Agencies, Public Officials, and Police Officers. In addition to

COMPLAINT FOR DAMAGES
15

this, Plaintiff was sent back home on the account on threat of abuse of power by public officials and then tortured and further admitted to hospitals and make Plaintiff consume some drug against her belief system.

89.    By and through involving in all such acts, including but not limited to mentioned herein, Public Officials and Police Officer under the umbrella protection of statutory powers, abused their powers and abstained from following due process of law, causing damages to Plaintiff.

90.    Defendants, and each of them, acted with conscious disregard to Plaintiff's rights on several occasions, causing severe harm and/or damage, with their acts as a substantial factor to Plaintiff harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Deprivation of Constitutional Rights; 42 USC § 1983)

91.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

92.    Section 1983 imposes liability on every person who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. Monroe v. Pape, 365 U.S. 167, 187 (1961).

93.    Liability under § 1983 only if the action that is alleged to be unconstitutional or in violation of federal laws implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the state governmental body.    Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

94.    Punitive damages may be awarded against a defendant if the plaintiff can prove intentional or reckless indifference to a federally protected right. Smith v. Wade, 461 U.S. 30 (1983). The court will consider several factors in determining whether punitive damages are appropriate: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damage award by

the jury; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. BMW of North America, Inc. v. Gore, 517 U.S. 559 (1966); Cooper Industries v. Leatherman Tool Group, Inc. 532 U.S. 424 (2001). The degree of reprehensibility is the most significant factor. State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

95. For the plaintiff to prevail, he must prove that the defendant's conduct was either intentional or reckless. County of Sacramento v. Lewis, 523 U.S. 833 (1998).

96. No statute of limitations is contained within the language of 42 USC § 1983 for filing civil lawsuit against federal violation. 42 USC § 1983 requires the courts to borrow and apply to all § 1983 claims, and is regarded and one of the most analogous state statute of limitations. Owens v Okure, 488 U.S. 235, 240 (1989).

97. Government Agencies by and through public officials acted in sheer violation of rights that were constitutionally guaranteed to Plaintiff under the Constitution.

98. Plaintiff was deprived of all the rights pertaining to life, livelihood, property, privacy, among other mentioned herein while being subjected to arbitrary acts of public officials via Government agencies, and each of them, in the name of experiments.

99. Plaintiff was subjected to stalking, harassment, torture, assault, and furthermore was made to work continuously for hours and hours without any break for weeks during the time Plaintiff was pregnant without any leave day or any other maternity benefits; along with all inhuman experiments pertaining to electric shock, threat Plaintiff's child, arresting Plaintiff without any probable and justifiable cause; all under the supervision of Government agencies with the assistance of public officials, and each of them, contributed in such alleged acts.

100. All such alleged act against Plaintiff caused Plaintiff to suffer throughout her life since her childhood in all terms of personal, professional, and job prospects, lost wages, damages cause to reputation in direct relation to the act, actions, and allegation put forth by the Government agencies by and through the public officials.

101. Defendants acted with conscious disregard to Plaintiff's rights, causing severe harm and/or damage, with their acts as a substantial factor to Plaintiff harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Claim under 42 USC § 1985)

102. Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

103. A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States ." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992).

104. Plaintiff is entitled to claim damages under Section 1985 pertaining to the conspiracy as held against Plaintiff by and through the Government agencies.

105. Government agencies by and through its public officials and Police officer conspired against Plaintiff to exploit her rights and not providing her with reasonable opportunity to initiate against such illegal and illegitimate acts to which the Plaintiff has being the victim since she was a child.

106. Plaintiff being subjected to all such experiments caused insane amount of harm, loss, and damages in all aspects of her life, and therefore, is entitled to claim damages on account of all such violation of her rights as mentioned and provided here with.

107. Defendants, and each of them, acted with conscious disregard to Plaintiff's rights.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

108. Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES
18

109.   A cause of action for intentional infliction of emotional distress arises when a defendant intentionally or recklessly causes severe emotional distress to another by extreme and outrageous conduct. Unterberger v. Red Bull North America, Inc.. 162 Cal. App. 4th 414 (2008).

110.   The elements of the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Molko v. Holy Spirit Assn. (1988) 46 Cal. 3d 1092, 1120 (1988), quoting Cervantez v. J.C. Penney Co. (1979) 24 Cal. 3d 579, 593.

111.   The doctrine of "negligent infliction of emotional distress" is not a separate tort or cause of action. It simply allows certain persons to recover damages for emotional distress only on a negligence cause of action even though they were not otherwise injured or harmed. (See *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 928.).

112.   Public Official's conduct caused Plaintiff to suffer severe emotional distress.

113.   Public Official's conduct was outrageous because it goes beyond all possible bounds of decency and such an act and conduct would be regarded as intolerable in a civilized community.

114.   Public Official's intended to cause Plaintiff's emotional distress by acting with reckless disregard of the probability that Plaintiff would suffer emotional distress. Public Officials despite knowing this gave little or no thought to the probable effects of his conduct.

115.   As a direct result of the act of Defendants, Plaintiff suffered severe emotional distress.

116.   It is the consequences of the act of Defendant that cause Plaintiff serious emotional distress, causing suffering, anguish, nervousness, grief, anxiety, worry, and shock, more than an ordinary reasonable person would be able to cope with, and with physical manifestations therein.

117.   The Act done by the Defendants caused the Plaintiff loss of sleep, difficulty in her relationships, stress and anxiety and a disruption in his well-being.

118.    Plaintiff was being injured and as a result, suffered severe emotional distress which was caused by the Defendant.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Invasion of Privacy by Appropriation)

119.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

120.    An individual's privacy, as pertaining to the different phases of personal life is a constitutionally protected right on the account that such information is not available in the public record. US Constitution, Amend. 4. Katz v. United States, 389 U.S. 347, 350 (1967).

121.    The Restatement recognizes four variants regarding what constitutes an invasion of one's right to privacy: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) publicity that unreasonably places the other in a false light before the public. Restatement (Second) Of Torts, §652A (1997).

122.    Consideration of consent is appropriate where lack of consent is an element of the claim. Garcia v. Enter Holdings, Inc., 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015).

123.    To state a claim for invasion of privacy, a plaintiff must plead: (1) they possess a legally protected privacy interest, (2) they maintain a reasonable expectation of privacy, and (3) the intrusion is highly offensive. Hernandez v. Hillsides, Inc., 47 Cal 4th 272, 287 (2009).

124.    A claim for intrusion upon seclusion under common law involves similar elements. Plaintiffs must show that: (1) a defendant intentionally intruded into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy, and (2) that the intrusion was highly offensive to a reasonable person. Hernandez v. Hillsides, Inc., 47 Cal 4th 286 (2009).

125.    Essentials of invasion of privacy by appropriation requires the defendant makes use of the plaintiff's name or likeness for his own purposes and benefit, even though the use is

COMPLAINT FOR DAMAGES
20

not a commercial one, and even though the benefit sought to be obtained in not a pecuniary one. Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238 (2005).

126.    Plaintiff has been the subject of the surveillance of the government agencies in all way around since years and Plaintiff actions and thought process is controlled by the public officials by the surveillance program against Plaintiff.

127.    Government Agencies were keeping a track and check of Plaintiff's each and every action and therefore were controlling and conducting experiment against Plaintiff in a likewise manner. All such surveillance by and against Plaintiff invaded her privacy.

128.    Plaintiff was left with no personal time and time period wherein she could spend time all alone as there was always someone from the government agencies who stalks Plaintiff and conduct illogical experiments.

129.    No such consent or approval or permission was ever taken from Plaintiff before making her subject to surveillance programs by the Government agencies, and the public officials on their own via discretionary act acted all amongst himself to keep a track of Plaintiff's activity.

130.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (False Imprisonment and Malicious Prosecution)

131.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

132.    To state a Section 1983 claim for malicious prosecution, a plaintiff must allege the elements of a state law malicious prosecution claim and establish that the prosecution was conducted for the purpose of denying the plaintiff a specific constitutional right. Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004).

133.    To state a claim for malicious prosecution, Plaintiff must show that the proceeding was (1) commenced by or at the direction of the defendant, (2) pursued to a legal termination favorable to plaintiff, (3) brought without probable cause, and (4) initiated with malice. Womack v. Cnty. of Amador, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008).

134.    Plaintiff was wrongfully restrained, confined, and/or detained by Public Officials of Government Agencies.

135.    Public Officials intentionally deprived Plaintiff of his freedom by use of physical force along with psychological and emotional fear.

136.    Plaintiff did not consent to the restraint, confinement, and/or detention.

137.    The acts of Public Officials, and each of them, caused Plaintiff to suffer harm and economic damages, for the cost of medical, psychological, and psychiatric treatment.

138.    Public Officials, and each of them, have been alleged to commit such act against Plaintiff with malice intent, fraud, and oppression, and therefore, Plaintiff seeks an award of punitive damages against Government agencies, and each of them, for such violation of Plaintiff's rights and suffering throughout such false imprisonment.

139.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Conspiracy)

140.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

141.    To state a claim for civil conspiracy and a cause of action a plaintiff must allege that two (2) or more persons agree or combine with lawful intent to do an unlawful act or to do an otherwise lawful act by unlawful means, with proof of malice with intent to injure the person, his/her property and or business. United States v. Hoick, 389 F. Supp. 2d. 338.

COMPLAINT FOR DAMAGES
22

142.   Government Agencies by and through Public Officials engaged in a campaign of harassment and threats against Plaintiff for speaking out and going to complaint about public officials about how Plaintiff has been treated in terms of experiments and given electric shocks and is tortured in all whereabouts.

143.   Government agencies via public officials in association to police officer conspired as against Plaintiff to restrain Plaintiff from exercising any of her legal rights and thereby violated her rights through arbitrary acts and decisions that they considered immune as under the umbrella of statutory provisions and rights that laws provided to them.

144.   All such alleged act, as mentioned above with, injured Plaintiff in terms of her personal life and all her job prospects were snatched away by forcing to work longer hours during pregnancy and providing bad credit score so that Plaintiff is not able to secure any job and source of income; and when Plaintiff joined her mother business, the intervention led by the Government agencies made the business suffer losses from making a continuous profits for the last fifteen years.

145.   Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Continuous and Direct Threat of Causing Assault)

146.   Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

147.   Public Officials of the Government Agencies assaulted Plaintiff in the name of undergoing experiments on Plaintiff. Such conduct was extreme and outrageous and would be deemed highly offensive to any reasonable person.

148.   Plaintiff did not consent to such experiments or the conduct of the Public Officials.

149.   Plaintiff reasonably believed that she was about to be hit in a harmful or offensive manner. As a result of the aforementioned conduct, Plaintiff was psychologically damaged.

COMPLAINT FOR DAMAGES
23

150. Public Officials and the Government Agencies associated therein acted with conscious disregard of the Plaintiff's rights, making themselves liable for punitive damages under Civil Code §3294.

151. Plaintiff was subjected to gunshot experiments by the public officials of the government agencies in the name of experiments; and gun was targeted on Plaintiff's child to record Plaintiff's reaction and giving a threat that Plaintiff herself and her child would get harm and may even die.

152. Acts as aforementioned caused severe trauma and led to shock of Plaintiff in pursuant of act committed by and through Government agencies.

153. Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (Breach of Public and Fiduciary Duty)

154. Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

155. The Government Agencies and the State owed the Plaintiff a fiduciary duty and obligation of good faith, fair dealing, and loyalty, due care, protection from inquiry, oversight and supervision. The Government Agencies and the State breached these fiduciary duties.

156. The Government Agencies along with the Public Officials each knowingly, recklessly, or negligently failed to protect Plaintiff from such illegal surveillance, experiments, and torture, failed to investigate the death of Plaintiff's child father and breaches after they occurred, failed to investigate and remediate instances of Plaintiff's violation of constitutionally protected rights.

157. As a direct and proximate result of the Government Agencies and the State's failure to perform their fiduciary obligations, Plaintiff has sustained significant damages which include, but are not limited to costs to remedy loss of employment and wages, costs to comply with heightened regulatory oversight, harm to the Plaintiff's reputation, costs to defend and

COMPLAINT FOR DAMAGES
24

resolve any additional civil and/or regulatory actions, payment of unearned compensation. As a result of the misconduct alleged herein, Plaintiff is entitled to the damages.

158.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## ELEVEN CAUSE OF ACTION

### (Breach of Religious Belief and Customs)

159.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

160.    The First Amendment forbids the government from "prohibiting the free exercise" of religion. U.S. Const. amend. I.

161.    Violations of the First Amendment are actionable against the government or any person acting "under color of state law" under 42 U.S.C. § 1983. Campbell v. Wash. Dep't of Soc. & Health Servs., 671 F.3d 837, 842 & n.5 (9th Cir. 2011).

162.    A state may not force a person to violate their sincerely held religious beliefs. Sherbert v. Verner, 374 U.S. 398 (1963).

163.    The Free Exercise of Religious belief withdraws from legislative power, state and federal, the exertion of any restraint on the free exercise of religion. Its purpose is to secure religious liberty in the individual by prohibiting any invasions there by civil authority.' Abington School District v. Schempp, 374 U.S. 203, 222–23. It bars ''governmental regulation of religious beliefs as such. Sherbert v. Verner, 374 U.S 398, 402 (1963).

164.    Freedom of conscience is the basis of the free exercise clause, and government may not penalize or discriminate against an individual or a group of individuals because of their religious views nor may it compel persons to affirm any beliefs. Sherbert v. Verner, 374 U.S. 398, 402 (1963).

165.    Plaintiff was diagnosed with psychosis while followed by the incorrect procedures by the incompetent doctors and was further forced to take the drug that was against the belief of Plaintiff.

COMPLAINT FOR DAMAGES
25

166.    Plaintiff was forced upon to take the drug despite making resistance to it to the public officials and the official staffs.

167.    On the directions provided by the Government Agencies, Plaintiff was instructed and threatened that is she doesn't take the drug, she would not get released from the hospital.

168.    Such a forceful consumption of drug made against Plaintiff is a sheer violation of its right provided herein the US Constitution.

169.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## TWELVE CAUSE OF ACTION

### (Damage Caused to Reputation)

170.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

171.    Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage. Ringler Assocs. Inc. v. Md. Cas. Co., 80 Cal. App. 4th 1165, 1179 (2000).

172.    Plaintiff believes that the Public Officials along with Government Agencies, by the herein described acts, conspired to, and in fact, did intentionally and recklessly caused excessive and unsolicited spreading of false information about Plaintiff to third persons and to the community wherein the Plaintiff lives and works. These false allegation statements included, but are not limited to, express and implied accusations that Plaintiff is not mentally competent and also was sexually abuse and are very bad with her work as in her profession via providing a bad credit in Plaintiff's profile available on the internet.

173.    The spreading of false information, with false allegation, and publication of bad credit profile consists of defamatory publication tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputations. These false and defamatory publications put

down the reputation of the Plaintiff and were and are in violation of Civil Code § 45 and 46(3) and (5).

174. Public officials by and through the Government Agencies subjected Plaintiff to numerous false allegations to harm the reputation of the Plaintiff. As a result of the abovementioned act, Plaintiff suffered as a result of such allegation in depriving some of the rights she was entitled to along with privilege to get benefits from Government established schemes for her children.

175. Plaintiff has suffered since years from these false and defamatory per se statements and will continue to be the sufferer to the ongoing harm and injury to Plaintiff's business, professional and personal reputations.

176. Defamatory meaning of all the above-described false and defamatory statements and their reference to Plaintiff were reasonably understood by the above referred third person recipients and other member of the community because of being false imprisoned and arrested by Police and publication to false credit report depriving Plaintiff of any further job or business prospects to get hired.

177. Alleged facts, as above mentioned, it tended to injure Plaintiff in her occupation, and to expose her to hatred, contempt, ridicule, and shame, and to discourage other from associating or bonding or dealing with Plaintiff.

178. None of the contents mentioned in the Credit Report of the Plaintiff are true in capacity against Plaintiff.

179. All of the publications in the form of credit report, or false and malice allegations and arrest were made with hatred, ill will, and intent to vex, harass, annoy, and injure Plaintiff, Plaintiff's good name, reputation, ability to make a living, and his employment and employability. All these allegation and publication were made to expressly and directly benefit the Government agencies in terms of getting a victim and exploit the life of the person for experiments and research based analysis over the person, herein as Plaintiff.

180. As a proximate result of the publication and allegation and arrest by the Public Officials of the Government Agencies, Plaintiff has suffering includes embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and

COMPLAINT FOR DAMAGES
27

employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional and general damage in an amount according to proof.

181.    All action of Government Agencies, and each of them, their agents, employees, managing agents, and officers, as herein alleged, were known, authorized, ratified, and approved by the Government Agencies, and each of them.

182.    Plaintiff is this entitled to recover punitive and exemplary damages from the Government agencies for the wanton, obnoxious, and despicable acts as against Plaintiff based on the suffering and loss of employment and wages as has been occurred to Plaintiff.

183.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRTEEN CAUSE OF ACTION

### (Equitable Relief)

184.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

185.    Equitable Relief is traditionally available to enforce federal law. Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378, 1385-86 (2015). In the absence of a statutory cause of action, the federal courts are empowered to provide redress where the executive illegally exceeds its authority. Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 681 (1986).

186.    Government Agencies by and through its public officials acted outside its scope of power in conducting illegitimate and illegal experiments subjecting Plaintiff to gun shots reactions, arrested three times for the same offence of public intoxication without taking breathalyzer test, made to work continuously during pregnancy, forcing to consume drug against the consent, targeting Plaintiff's children, and putting false allegation to interfere with credit score, and housing.

187.    Government Agencies by and through its public officials violated Plaintiff rights and restrained Plaintiff from procuring all future prospects in terms of a better livelihood via means of job causing severe emotional stress and emotional trauma.

COMPLAINT FOR DAMAGES
28

188.    Government Agencies exceeded its authority in doing all the alleged act mentioned above with and caused grave violation of Plaintiff rights.

189.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FOURTEEN CAUSE OF ACTION

### (Administrative Procedure Violation)

190.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

191.    The Administrative Procedure Act requires courts to "hold unlawful and set aside agency action, findings, and conclusions found to be (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; or (d) without observance of procedure required by law." 5 U.S.C. § 706(2)(A)-(D).

192.    Rules and Experiments imposed against Plaintiff by and through the Government Agencies and CIA agency, herein as Defendants intended to create new law, rights, or duties" and thus should have been subject to notice. Tenn. Hosp. Ass'n v. Azar, 908 F.3d 1029, 1042 (6th Cir. 2018).

193.    No such notice was provided to Plaintiff throughout any of such experiments against Plaintiff and thus is subject to violation of Plaintiff's rights to claim damages against all such action, as herein described, of Defendants against Plaintiff.

194.    An "arbitrary and capricious regulation is itself unlawful and receives no Chevron deference." Encino Motorcars, LLC v. Navarro, 136 S. Ct. 2117, 2126 (2016).

195.    In adoption of any new rule or experiments by and through any agency, the agency must also be cognizant that such experiments or acts may engender serious reliance interests that must be considered. FCC v. Fox Television Stations, Inc., 556 U.S. 502, 515 (2009).

196.    Action led by Government agencies by and through its public officials were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law and should be set aside as unlawful pursuant to the Administrative Procedure Act, 5 USC § 706 (2012).

197.    All the experiments herein alleged against Plaintiff were arbitrary and without any basis.

198.    All the experiments herein alleged against Plaintiff pertaining to gunshot experiments, threatening Plaintiff's child, repeated arrests were in contravention to law.

199.    Plaintiff has suffered irreparable damages caused due to such acts of the Public Officials of the Government Agencies.

200.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTEEN CAUSE OF ACTION

### (Causation of Torture)

201.    Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

202.    Torture includes acts specifically intended to inflict severe physical or mental pain or suffering; and it is strictly prohibited for public officials to torture by any means against persons who are within the custody or control of themselves under the color of any law or statute. 18 USC § 2340a.

203.    Public Officials of Government Agencies severe caused Plaintiff to suffered with physical and mental pain through illegitimate and illegal experiments pertaining to electric shock, gun shots experiments, threatening to cause damage to Plaintiff child, and other acts as herein described in the Complaint.

204.    Plaintiff was under the control of the government agencies via surveillance and experiments since she has been a child of eight years of age.

COMPLAINT FOR DAMAGES
30

205. All the failures and damages Plaintiff has sustained is as a result of continuous experiments on herself.

206. Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTEEN CAUSE OF ACTION

### (Claim of Coercion)

207. Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

208. To interference by threat, intimidation or coercion with exercise or enjoyment of individual rights makes the other party liable for such alleged act. Cal. Civ. Code § 52.1.

209. Plaintiff was entitled as of right to exercise all her rights and take all her decisions independently.

210. Government agencies by and through the public officials interfered and intervened in all decision making of Plaintiff and thereby forced Plaintiff to work and behave as the government agency wants Plaintiff to behave and act.

211. Plaintiff on account of retaliation of such forced decision, was made subject to torture by the government agencies and the public officials involved therein.

212. Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SEVENTEEN CAUSE OF ACTION

### (Ultra Vires Claim)

213. Plaintiff repeats and re-alleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

214. Doctrine of Ultra Vires is applicable wherein the Governmental or quasi-governmental entity, including a municipality acted and exercises its powers that is beyond the

COMPLAINT FOR DAMAGES
31

scope of its statutory or constitutional powers; alleging all such acts as ultra vires and shall cease to take any effect. G.G. Mezzetta, Inc. v. City of Am. Canyon, 78 Cal. App. 4th 1087, 1092 (2000).

215.    Plaintiff always relevant herein acted within the scope of the act as was made by the Government Agencies.

216.    Plaintiff, in no instance, was allowed to act free and according to her own will and all her acts were dominated as per the instructions of the government agencies.

217.    Plaintiff was in account of the control of the public officials, and at whatever times relevant herein Plaintiff tried to retaliate, she was tortured and punished with a harsher punishment, as herein threatening Plaintiff via.

218.    Government agencies by and through Public Officials at all account and always as pertaining to the present lawsuit acted outside the scope of its authority by not letting Plaintiff enjoy her rights and forcing the Plaintiff to work as per the instructions of government agencies at whatever cost.

219.    Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## EIGHTEEN CAUSE OF ACTION

### (Zone of Interest Section 8005)

220.    Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

221.    Defense of Zone of Interest invokes power to review each of the challenges pursuant to the court's equitable power to enjoin public officials from violating federal law. Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378 (2015).

222.    Defense of Zone of Interest as provided under Section 8005 shall not be applicable in any of such acts or transaction that pertains to the violation of constitutionally guaranteed rights, thereby alleging the wholesome act as unconstitutional. Principle claims of the

COMPLAINT FOR DAMAGES
32

zone of interest in applicable to all statutorily created causes of action. Sierra Club v. Trump, No. 19-16102 (9th Cir. 2020).

223. Zone of interest drives power to Plaintiff for invoking statutorily created cause of action. Association of Data Processing Services Organizations, Inc. v. Camp, 397 U.S. 150 (1970).

224. Power invoked under Zone of Interest provides power to the executive body to act as pertaining to secure the interest, otherwise making the alleged act unconstitutional or ultra vires. Cal. v. Trump, No. 19-16299 (9th Cir. 2020).

225. Plaintiff, thereby, is protected under the test of Zone of Interest as the rights pertaining to question in the present lawsuit is constitutionally guaranteed as discussed herein. In addition to this, Government Agencies, by and through Public Officials, is not in conveyance to clai any defense under this statute.

226. Government Agencies being an executive body violated Plaintiff's rights and exceeded its own powers provided to the body and officials under the Constitutional mandate that asks to protect and work and execute any action or plan in accordance with the protection of rights as conferred by the Constitution.

227. Defendants, and each of them acted with conscious disregard to Plaintiff's rights and failing to show reasonable care and caution towards Plaintiff via maliciously acting in way to cause serve harm and/or damage, with their acts.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## DAMAGES

228. Plaintiff repeats and re-allege each allegation contained in the foregoing paragraphs as if fully set forth herein.

229. As a direct and proximate result of the acts and/or omissions by the Defendants, Latasha Boyd has been caused to suffer financial hardship lost benefits, loss of future earning, future loss of benefits, loss of back pay, emotional distress, anxiety, embarrassment, fees incurred to file this suit, and the professional image of Plaintiff has been destroyed and damaged

COMPLAINT FOR DAMAGES
33

by the Defendants, including but not limited to past and future loss of enjoyment of life, mental damages, psychological harassment, past and future pain and suffering

WHEREFORE, Latasha Boyd, demands judgment against Defendant, jointly and severally in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just and Plaintiff further prays for an award of fees incurred to file this suit, costs, interests, and for such other relief as the Court or jury deems just.

## PRAYER FOR RELIEF

1. For the mental, physical, and emotional injuries.
2. For requisite amount of costs due to loss of opportunities.
3. For self-determination, first-class citizenship
4. For (free from these abusive tactic of harassment).
5. For (200 billion); Reparations, "40 acres and a mule"
6. For all costs of suit incurred.
7. For financial hardship lost benefits, loss of future earning, future loss of benefits.
8. For exemplary, punitive, compensatory, consequential, and treble damages as permitted by statute.
9. For costs of suit herein.
10. For such other and further relief as the Court deems just and proper.
11. For freedom from been exploited through the new use of technology
12. For privacy and counter-surveillance, MOOC Children's Rights
13. Our congressionally approved COVID-19 hate crimes bill
14. Our executive order on anti-American African/Anti-black hate crimes
15. Initiative on the safety and success for American Africans/American Indian.

COMPLAINT FOR DAMAGES
34

Dated: 07/20/2022

Respectfully Submitted,

By   LATASHA BOYD

Plaintiff, Pro Se.

COMPLAINT FOR DAMAGES
35